IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50583
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LaSALDE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. EP-95-CR-539-2

_____
July 17, 1997
Before JOLLY, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan LaSalde appeals his conviction and sentence for conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana. LaSalde asserts that the district court erred in striking and thus denying his motion to withdraw his guilty plea. LaSalde contends that his guilty plea was unknowing and involuntary because counsel was ineffective, counsel misrepresented the sentence he would receive, and the district court did not comply with Fed. R. Crim. P. 11. LaSalde also

_____

*Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

contends that the district court erred in attributing to him 1,000 kilograms of marijuana.

Not only did LaSalde abandon his motion to withdraw his plea by failing to refile it in compliance with the district court's local rules, see United States v. Yeatts, 639 F.2d 1186, 1188 (5th Cir. Unit B Mar. 1981), the motion was unauthorized. See Fed. R. Crim. P. 32(e) (motion to withdraw guilty plea can be made only before sentencing).

LaSalde's claim of ineffective assistance of counsel cannot be resolved on direct appeal because it was not raised before the district court and no opportunity existed to develop the record on the merits of the allegations. United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). A misrepresentation by counsel regarding the sentence that LaSalde would receive is not a sufficient basis for setting aside his guilty plea because the district court properly advised LaSalde of the possible maximum penalty. See United States v. Garcia, 983 F.2d 625, 629 (5th Cir. 1993).

The plea colloquy reflects that the district court addressed Rule 11's "core concerns" and that any variance for the strict language of Rule 11 did not affect LaSalde's substantial rights. See United States v. Johnson, 1 F.3d 296, 301-03 (5th Cir. 1993) (en banc).

LaSalde waived the right to appeal his sentence.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

A F F I R M E D.